UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL.,<br><br>    Defendants. | Case No.: 2:13-cv-01431-JAD-GWF<br><br>**ORDER RE:<br>TEMPORARY RESTRAINING ORDER** |

This action arises out of the foreclosure proceedings initiated against the home of Jose Hernandez in the Nevada State Courts. Pending before the Court is pro se Plaintiff Hernandez's Emergency Ex Parte Motion for Temporary Restraining Order to Enjoin Execution of Justice Court Order for Temporary Writ of Restitution (Doc. #7). Hernandez seeks to enjoin the enforcement of an Order for Issuance of Temporary Writ of Restitution executed by the Justice Court on July 30, 2013 ("Restitution Order"). (Doc. #9 at 243.) Hernandez initiated this wrongful foreclosure action in the Eighth Judicial District Court for Clark County, Nevada, in May 2013, and moved the state district court for a temporary restraining order and preliminary injunction against enforcement of the Restitution Order on August 2, 2013. The state court granted the temporary restraining order on August 5, 2013 (Doc. #9 at 243), and set the motion for preliminary injunction for hearing on August 13, 2013. On August 8, 2013, Defendant Deutsche Bank National Trust Co. removed this case to this Court (Doc. #1). On August 16, 2013, Plaintiff filed his Emergency Ex Parte Motion for Temporary Restraining Order to Enjoin Execution of Justice Court Order for Temporary Writ of

1  Restitution in this Court (Doc. #7), and a Motion for Preliminary Injunction (Doc. #8).

2  The Court, having reviewed the Plaintiff's Ex Parte Motion for Temporary Restraining Order to Enjoin Execution of Justice Court Order for Temporary Writ of Restitution and Motion for Preliminary Injunction and for good cause appearing, hereby finds and orders as follows:

## I. Background

Plaintiff alleges that he purchased the property located at 3276 Costa Smeralda Circle, Las Vegas, Nevada 89117 ("the property") in August 1977 and that IndyMac Bank, FSB ("IndyMac Bank") provided him with a mortgage to build a house on the property in August 2003. He further alleges that IndyMac Bank then sold the note and deed of trust to IndyMac MBS, Inc. Quality Loan Service Corp. later served as the loan trustee and conducted a trustee's sale of the property, where Deutsche Bank was the purchaser. Plaintiff alleges that Quality Loan was never a proper trustee and that Deutsche Bank does not validly hold the mortgage note and deed of trust for the property. He prays for the trustee's sale to be set aside and declared void, for damages, and for attorney's fees and costs. (Doc. #1–3.)

Defendants obtained an Order for Temporary Writ of Restitution from the Justice Court of Las Vegas Township in Clark County on July 30, 2013. (Doc. #9 at 243.) Upon Plaintiff's Ex Parte Application for Temporary Restraining Order, the state district court temporarily enjoined enforcement of that Restitution Order pending a hearing on Plaintiff's Motion for Preliminary Injunction scheduled for August 13, 2013. (Doc. #9 at 246). The state court judge found, inter alia, that "the Order for the Issuance of Temporary Writ of Restitution would cause irreparable harm to Plaintiff," that "Plaintiff's home and its attributes are considered unique and loss of real property generally results in irreparable harm," and that "Plaintiff's interest in keeping possession of his home outweighs any prejudice suffered by Defendants caused by a temporary stay on the Justice Court's" Restitution Order. (Doc. #9 at 246–47.) The state court stayed enforcement of the Restitution Order until August 13, 2013, the date set for hearing on Plaintiff's Motion for Preliminary Injunction. *Id.* Defendant Deutsche Bank's removal caused the August 13, 2013, hearing to be vacated.

## II. Discussion

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. It allows the Court to issue a temporary restraining order without notice to the adverse party or to its attorney if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Court finds good cause for the issuance of a temporary restraining order that essentially reinstates the state court's Order for Temporary Restraining Order (Doc. #9) until this Court can conduct a hearing on the motion for preliminary injunction. The issues raised by the instant motion and by Plaintiff's motion for preliminary injunction were in the process of being addressed and heard by the state court at the time of removal and, but for the removal, it is likely that the temporary injunction would have been in place until the state court decided the motion for preliminary injunction. This Court finds that enforcement of the Restitution Order pending the preliminary injunction hearing would cause irreparable harm to the Plaintiff and his family as their home—like all real property—is unique, and loss of that property is generally recognized to result in irreparable harm. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661–62 (9th Cir. 1988) (noting that potential loss of real property through foreclosure may constitute a threat of irreparable injury). The Court also finds that Plaintiff's interest in maintaining possession of the home pending the hearing on the motion for preliminary injunction outweighs the prejudice, if any, that Defendants might suffer during this brief stay, and the Court perceives no "critical public interest that would be injured by the grant of preliminary relief" during this interval. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted). To the contrary, the public interest favors maintaining the status quo until Plaintiff's motion for preliminary injunction and any opposition thereto can be heard.

### III. Bond Requirement

Rule 65(c) of the Federal Rules of Civil Procedure states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). Upon full consideration of the facts and circumstances in this case, the Court finds that the proper amount of a bond is ONE HUNDRED DOLLARS ($100.00).

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order (Doc. #7) is GRANTED and that Defendants are temporarily restrained from executing upon or enforcing the Restitution Order and prohibited from removing or causing the removal of Plaintiff Jose Hernandez and his family from the property located at 3276 Costa Smeralda Circle, Las Vegas, Nevada 89117 until the conclusion of the hearing on the motion for preliminary injunction;

**IT IS FURTHER ORDERED** that Plaintiff shall post a ONE HUNDRED DOLLAR ($100.00) bond no later than 4 p.m. on Monday, August 26, 2013;

**IT IS FURTHER ORDERED** that the Court will hold a hearing on Plaintiff's Motion for Preliminary Injunction to Enjoin Justice Court Order for Temporary Writ of Restitution (Doc. #8) on **Thursday, August 29, 2013 at 2:00 p.m.** in Courtroom 6D, in the United States District Court, District of Nevada, located at 333 S. Las Vegas Blvd., Las Vegas, Nevada, 89101;

**IT IS FURTHER ORDERED** that Plaintiff immediately shall notify all other parties of the hearing and shall forthwith serve Defendants with any documents presently on file in this action (specifically including the Emergency Ex Parte Motion for Temporary Restraining Order (Doc. #7) and the Motion for Preliminary Injunction (Doc. #8)), together with a copy of this Order;

**IT IS FURTHER ORDERED** that removing Defendant Deutsche Bank shall file and serve a supplemental brief demonstrating the timeliness of its removal on or before Monday, August 26, 2013; and

1   **IT IS FURTHER ORDERED** that any opposition to the Motion for Preliminary Injunction
2   must be filed on or before Monday, August 26, 2013.
3   DATED this 21st day of August, 2013 at 10:18 a.m.

Jennifer A. Dorsey
United States District Judge